IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-30471
Summary Calendar

FRIEDE GOLDMAN OFFSHORE TEXAS, L.P.,
formerly known as TDI-Halter, L.P.

Plaintiff-Appellee,

versus

PROFESSIONAL INDUSTRIAL MAINTENANCE, L.L.C.,

Defendant-Appellant.

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 99-CV-2371-S)
_____
September 27, 2001

Before REAVLEY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

This case concerns the applicability of the Louisiana Oilfield Anti-Indemnity Act

(LOAIA) to a dispute over who must bear the financial loss for a job-related accident that

took place in a shipyard. TDI-Halter (TDI),[1] the shipyard operator, and Professional

Industrial Maintenance (PIM), a supplier of temporary contract labor, entered an

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.
[1] TDI-Halter, L.P. changed its name to Friede Goldman Offshore Texas, L.P. during the proceedings below.

agreement under which PIM would provide workers for use on various projects in TDI's Sabine Pass, Texas shipyard. The contract contained a Louisiana choice of law provision, and required PIM to defend and indemnify TDI for personal injuries sustained by PIM workers arising out of work done for TDI.

In December of 1997, a PIM employee named James Simon sustained serious head and spinal injuries while working in the TDI yard on the refurbishment of an Ensco drill rig. Both TDI and PIM (through their insurers) contributed to a $2,000,000 settlement with Simon. PIM refused to indemnify TDI for TDI's $1,000,000 half of the payout, claiming that the indemnification provision is void and unenforceable under the LOAIA. LA. REV. STAT. ANN. § 9:2780 (West 1991). The parties stipulated to the facts and submitted this sole legal issue to the district court. The court held that the LOAIA does not apply to the parties' agreement, and entered judgment in favor of TDI for $1,022,183.47.

The LOAIA provides that certain indemnification provisions are void and unenforceable if contained in agreements that "pertain[ ] to a well for oil, gas, or water, or drilling for minerals" and "concern[ ] any operations related to the exploration, development, production, or transportation" of those resources. LA.REV.STAT.ANN. § 9:2780. Courts have emphasized that for the LOAIA to apply, the agreement must both (1) "pertain to a well," and (2) "relate to" the activities described by the statute. *Transcontinental Gas Pipe Line Corp. v. Transportation Ins. Co.*, 953 F.2d 985, 991 (5th Cir. 1992).

The agreement at issue in this case does not pertain to a well. To decide whether a contract "pertains to a well," courts examine a number of factors to determine the functional nexus between the subject matter of the agreement and a particular well or wells. *See id.* at 994-95; *Broussard v. Conoco, Inc.*, 959 F.2d 42, 44-45 (5th Cir. 1992) (adapting the *Transcontinental* factors for application in a non-pipeline case). Detailed examination of the factors is not necessary in this case because no particular well is implicated by the agreement. "[T]he pertinence required is to 'a well,' singular, not 'wells,' plural, emphasizing the direct nexus needed between the agreement and the *particular well* to which it pertains." *Transcontinental*, 953 F.2d at 991 (emphasis added). Consistent with that interpretation of the LOAIA, this Court recently held that work on an Ensco rig in a fabrication yard pertained to a well because the rig was reserved for use on six specific wells. *Verdine v. Ensco Offshore Co.*, 255 F.3d 246, 252-54 & n.5 (5th Cir. 2001).

In the present case, the record does not reflect that the Ensco drill rig, which was in a shipyard at the time of the accident, was designated for use on any particular well or wells, or had any other functional nexus with a particular well. The parties' cryptic stipulation that the Ensco rig was "scheduled by its owner to go to a specific location" does not yield an inference to the contrary.

Because the agreement between TDI and PIM does not pertain to a well, the LOAIA does not apply. The judgment of the district court is AFFIRMED.

3